UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                       )
UNITED STATES OF AMERICA,              )
                                       )
                                       )    CRIMINAL NO. 02-10330-REK
        v.                             )
                                       )
                                       )
AUGUSTINE N. BANKS,                    )
        Defendant                      )
_____)

**Memorandum and Order**
June 15, 2006

**I. Pending Matters**

Pending for decision are matters associated with the following filing:

Petition for Expungement of Criminal Record for Certain Nonviolent Offenders Pursuant to "Second Chance for Ex-Offenders Act of 02-08-2005" [109th Congress 1st. Session H.R. 662 IH] (Docket No. 5, filed March 13, 2006).

**II. Factual Background and Procedural History**

The defendant, Augustine N. Banks, pleaded guilty in the Middle District of Tennessee to making (i) false, fictitious or fraudulent claims and aiding and abetting; (ii) a fraudulent statement; and (iii) a false statement.  (Docket No. 110 from Case No. 3:98-00004.) On June 13, 2000, Banks was sentenced to a term of imprisonment of eighteen months, followed by three years of supervised release, and was ordered to pay a special assessment fee and restitution.  (Docket No. 3.)  Banks served his term of imprisonment and began his term of supervised release in the District of Massachusetts on November 1, 2001.  (Id.)  In June 2002,

Banks's case was transferred from the Middle District of Tennessee to the District of Massachusetts. (Id.) Banks completed thirty-six months of supervised release and paid the court-imposed restitution. (Docket No. 5, Exh. C; Docket No. 4.) Banks's criminal case was later closed.

On March 13, 2006, Banks, acting pro se, filed his Petition for Expungement of Criminal Record for Certain Nonviolent Offenders Pursuant to "Second Chance for Ex-Offenders Act of 02-08-2005" [109th Congress 1st. Session H.R. 662 IH]. (Docket No. 5.) The United States did not file a response to Banks's petition.

### III. Analysis

Banks requests that this court "expunge his criminal record [associated with Criminal Action 02-10330-REK]" pursuant to the proposed Second Chance for Ex-Offenders Act of 2005. (Docket No. 5.) Because the Second Chance for Ex-Offenders Act of 2005 is a bill, not a law, and no other law exists that can support Banks's argument for expungement, I deny Banks's petition.

The Second Chance for Ex-Offenders Act of 2005 was proposed on February 8, 2005, by Representative Charles B. Rangel of New York to permit expungement of records of certain nonviolent criminal offenses. 2005 Cong. U.S. H.R. 662. A review of the Act's legislative history establishes that it was referred to the House Committee on the Judiciary. H.R. 662, Legislative History. Thus, the Act is not law. See Black's Law Dictionary at 174, 175 (defining bill as "[a] legislative proposal offered for debate before its enactment" and defining "house bill" as "[a] legislative bill being considered by a house of representatives").

Thus, even if I assume, without finding, that Banks satisfies all of the requirements of this proposed Act, I cannot grant his petition for expungement on a proposed bill or a law that does not yet exist.  Moreover, even if I interpret Banks's instant petition as a general request for expungement instead of one based on a proposed bill (see Marcello v. DeSano, No. C.A. 05-004ML, 2005 WL 2205853, at *1 (D.R.I. Sept. 9, 2005) (noting that plaintiff's pro se status requires a liberal reading of his complaint), no law concerning expungement for his particular situation (a defendant sentenced in a United States district court in Massachusetts) can aid him. See 28 C.F.R. § § 1.2, 1.4 (1993) (stating that expungement for "violations of the laws of the United States" is possible only if, among other things, "[the] petition for pardon [is] filed...at least five years after the date of the release of the petitioner from confinement").

Therefore, I deny Banks's instant petition.  This case shall remain closed.

### ORDER

For the foregoing reasons, it is ORDERED:

(1) Petition for Expungement of Criminal Record for Certain Nonviolent Offenders Pursuant to "Second Chance for Ex-Offenders Act of 02-08-2005" [109th Congress 1st. Session H.R. 662 IH] (Docket No. 5) is DENIED.

(2) This case shall remain closed.

_____/s/Robert E. Keeton_____
Robert E. Keeton
Senior United States District Judge